# EXHIBIT A

Skip to Main Content  Logout  My Account  Search Menu  New Civil & Family Search  Refine Search  Back       Location : All Courts   Help

# REGISTER OF ACTIONS
### CASE NO. 2017DCV-2545-C

| | | |
|---|---|---|
| Larry Nelson vs. Hartford Life and Accident Insurance Company | § § § § § | Case Type: **Contract - Other**<br>Date Filed: **05/26/2017**<br>Location: **94th District Court** |

## PARTY INFORMATION

| | | | **Attorneys** |
|---|---|---|---|
| **Defendant** | Hartford Life and Accident Insurance Company | | |
| **Plaintiff** | Nelson, Larry | | **James C Plummer**<br>*Retained*<br>713-526-0200(W) |

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**
05/26/2017  **Original Petition (OCA)**
05/26/2017  **Civil Case Information Sheet**
05/26/2017  **Original Petition Documents E-filed**
        *Plaintiff s Original Petition*
05/26/2017  **Service Request Information Sheet**
        *Service Requested*
05/26/2017  **Jury Fee Paid**
06/05/2017  **Citation**
        Hartford Life and Accident Insurance Company         Unserved

## FINANCIAL INFORMATION

| | |
|---|---:|
| **Plaintiff** Nelson, Larry | |
| Total Financial Assessment | 309.00 |
| Total Payments and Credits | 309.00 |
| **Balance Due as of 06/07/2017** | **0.00** |
| | |
| 05/31/2017  Transaction Assessment | 309.00 |
| 05/31/2017  E-file Payment    Receipt # 2017-9743-DCCLK    Nelson, Larry | (309.00) |



# Service of Process Transmittal
06/09/2017
CT Log Number 531376263

| | |
|---|---|
| **TO:** | Daniela Bukowski-James<br>The Hartford<br>1 Hartford Plz # HO-1-09<br>Hartford, CT 06155-0001 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Hartford Life and Accident Insurance Company  (Domestic State: CT) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LARRY NELSON, Pltf. vs. Hartford Life and Accident Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Original Petition, Cover Sheet |
| **COURT/AGENCY:** | 94th Judicial District Court Nueces County, TX<br>Case # 2017DCV2545C |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Houston, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/09/2017 at 00:00 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | At or Before 10:00 a.m. on the Monday next after the expiration of 20 days (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | James C. Plummer,<br>BERG PLUMMER JOHNSON & RAVAL<br>4203 Montrose Boulevard, Suite 260<br>Houston, TX 77006<br>(713) 526-0200 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/09/2017, Expected Purge Date: 06/14/2017<br><br>Image SOP<br><br>Email Notification,  CTSOP Lawsuits (Not Specified)  SOPLawsuits.Law@thehartford.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of  1 / RM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# ORIGINAL

**Citation for Personal Service –RESIDENT**

Case Number: **2017DCV-2545-C**   DELIVERED JUNE 9TH 2017

THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:  **Hartford Life And Accident Insurance Company**
**By Serving Its Registered Agent,**
**CT Corporation System**
**1999 Bryan St., Suite 900**
**Dallas, TX 75201**
the Defendant,

GREETING: You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition and Civil Case Information Sheet** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the **Honorable Bobby Galvan**, **94th District Court** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said Petition was filed on the 26th day of May, 2017. A copy of same accompanies this citation.
The file number of said suit being Number: **2017DCV-2545-C**

The style of the case is: **Larry Nelson vs. Hartford Life and Accident Insurance Company**

Said Petition was filed in said court by **James C. Plummer**, attorney for Plaintiff, whose address is 4203 Montrose Boulevard, Suite 260 Houston, TX 77006.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 5th day of June, 2017.

ANNE LORENTZEN, DISTRICT CLERK
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401

BY: _____, Deputy
Nicole Hinojosa

# RETURN OF SERVICE

2017DCV-2545-C

LARRY NELSON
VS.
HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY

94TH DISTRICT COURT

Name

**ADDRESS FOR SERVICE**
Hartford Life and Accident Insurance Company
By Serving Its Registered Agent,
CT Corporation System
1999 Bryan St., Suite 900
Dallas, TX. 75201

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20____, at _____ o'clock ____. m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the _____ _____, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|---|---|---|

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being:

and the cause of failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

Fees:
Serving Petition and Copy  $_____
Total  $_____

By _____

Officer
County, Texas
Deputy

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a Citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my
(First, Middle, Last)
address is _____
(Street, City, State, Zip, Country)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____, 20____.

Declarant / Authorized Process Server

ID# & Expiration of Certification

Filed
5/26/2017 3:29:55 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2017DCV-2545-C _____

| | | |
|---|---|---|
| LARRY NELSON | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | NUECES COUNTY, TEXAS |
| | § | |
| | § | |
| HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY | § | _____ JUDICIAL DISTRICT |

## **PLAINTIFF'S ORIGINAL PETITION**

This is a suit for damages and other relief by Larry Nelson, Plaintiff, against Hartford Life and Accident Insurance Company, Defendant.

### **Parties**

1. Plaintiff, Larry Nelson, is a resident citizen of New London, Minnesota.

2. Defendant, Hartford Life and Accident Insurance Company ("Hartford"), is a domestic or foreign corporation engaged in the business of insurance in the State of Texas. It may be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201, or wherever it may be found.

### **Venue**

3. Venue is proper in Nueces County, Texas under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) & (4) in that all or a substantial part of the events or omissions giving rise to this claim occurred in Nueces County and it was the county where Mr. Nelson resided at the time of the accrual of the cause of action.

### **Claims for Relief**

1

4. Pursuant to Tex. R. Civ. Proc. 47, Plaintiff seeks monetary relief between $200,000 and $1,000,000, and a declaratory judgment that his claim is covered under the Hartford policy.

## Facts and Factual Background

5. Plaintiff brings this action to recover benefits he is entitled to under a disability insurance policy, together with his damages and costs. Mr. Nelson began working for the Corpus Christi Independent School District ("CCISD") in 2004. During his employment with CCISD, he enrolled in a disability insurance program and obtained a policy issued by Hartford. That policy was Policy No. GLT-395313. Its effective date was January 1, 2013. At all material times, consideration for that policy was fully paid, and it was at all material times in full force and effect.

6. Mr. Nelson is hardworking and self driven. By 2015, he had been a Technology Education Teacher for more than fifteen years. He also had a master's degree in Education Administration.

7. Mr. Nelson began suffering from persistent pain as early as early 2003. He has had numerous conservative treatments, including two operative procedures in 2013 to his lower back and has had extensive physical therapy without relief. Before the surgeries, he was employed full time as a technology application teacher.

8. By June 2013, Mr Nelson was no longer able to work after a laminectomy, partial facetectomy, neuroforminotomy bilaterally at L5 for pre and post-op diagnoses of billateral L5-S1 radiculopathies due to neuroforaminal refraction and stenosis to degenerative disc disease and posterior spondylosis. Mr. Nelson applied for LTD

2

      benefits through Hartford. Hartford initially approved LTD benefits on June 19, 2013.

9. The Hartford policy defined disability as a condition in which the beneficiary is unable to perform "one or more essential duties of his own occupation". This provision is commonly known as "own occupation" disability. After the first 24 months of disability, disability is defined as being "unable to perform one or more of the essential duties of any occupation for which you are qualified by education, training, or experience". This is commonly known as "any occupation" disability.

10. Hartford terminated Mr. Nelson's LTD claim on April 16, 2015 when the definition of disability changed to "any occupation". It based its termination on an insurance medical examination by a Dr. Salovich on February 16, 2015 through Medical Consultants Network ("MCM"). Hartford also performed an Employability Analysis which showed that there were a number of occupations for which he was qualified. The Employability Analysis relied on the U.S. Department of Labor's Dictionary of Occupational Titles ("DOT") for other occupations.

11. Mr. Nelson appealed Hartford's termination of his LTD claim on September 15, 2015, providing additional medical records and other evidence that supported his ongoing disability.

12. Hartford denied the appeal on February 8, 2016. In denying the appeal, Hartford concluded that Mr. Nelson did not meet the "any occupation" definition of disability. Hartford's denial of appeal was based upon three medical record reviews through Medicine of Managing Care Managing Claims ("MCMC"), including Dr. Akinnusi,

3

Dr. Brock, and Dr. Sembrano.

13. Mr. Nelson's claim fit within the policy's definition of disability. Harford's wrongful denial of his claim and failure to properly consider his appeal is a breach of the insurance policy, for which he now sues.

## Breach of Contract

14. Mr. Nelson enrolled in CCISD's disability insurance program and obtained a policy issued by Hartford. The policy's effective date was January 1, 2010, and it renewed annually. Mr. Nelson provided sufficient evidence needed for Hartford to approve his LTD claim. However, Hartford breached its duty under the insurance policy by failing and refusing to pay for the LTD benefits to which he was and remains entitled. Under the Hartford policy, Mr. Nelson is entitled to LTD benefits from April 2015 to the present.

## Declaratory Relief

15. Plaintiff seeks declaratory relief pursuant to Tex Civ. Prac. & Rem. Code §37.001, *et seq*. Specifically, Plaintiff requests that the factfinder determine that he meets the definition of disability under the Hartford insurance policy from April 2015 to the time of trial.

16. Plaintiff further requests that the factfinder determine that his LTD claim with Hartford remain open as long as he meets the policy's definition of disability.

## Violations of Texas Insurance Code

17. In its handling of Mr. Nelson's claim, Harford misrepresented to Mr. Nelson that his LTD claim was no longer covered under the Policy, even though he remained

4

disabled under the terms of the Policy. Hartford's conduct in this regard was a violation of Tex. Ins. Code §541.060(a)(1).

18. In its handling of Mr. Nelson's claim, Hartford failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of his LTD claim, even though it knew that liability was reasonably clear. Hartford failed to properly and adequately review the additional evidence and information that was provided on appeal that showed the error of its ways in this claim. Hartford's conduct in this regard was a violation of Tex. Ins. Code §541.060(a)(2).

19. In its handling of Ms. Nelson's claim, Hartford failed to promptly provide a reasonable explanation of its basis for termination of Plaintiff's LTD claim. Among other things, Hartford decided that Mr. Nelson was able to perform 3 other occupations and thus did not fit the "any occupation" definition of disability. It did not adequately explain how or why it came to that conclusion, nor did it adequately explain why it was relying on the DOT job descriptions, which have been out of date by the Government Accountability Office. Hartford's conduct in this regard, and others, was a violation of Tex. Ins. Code §541.060(a)(3).

20. In its handling of Mr. Nelson's claim, Hartford refused to continue his LTD benefits without conducting a reasonable investigation with respect to his claim. Its misplaced reliance on medical record reviewers whose bias and credibility was called into question, among other things, evidenced a biased and outcome oriented investigation. From the beginning of Mr. Nelson's claim, Hartford reviewed the claim with the goal of ultimately terminating the claim as soon as possible. It

5

deliberately retained MCM and MCMC to help it achieve this goal. Its conduct in this regard was a violation of Tex. Ins. Code §541.060(a)(7).

21. In its handling of Mr. Nelson's claim, Hartford failed to attempt in good faith to effect a prompt, fair, and equitable settlement of his LTD claim in which its liability was reasonably clear. The overwhelming evidence presented to Hartford during the pendency of his claim and both appeals demonstrated his ongoing entitlement to LTD benefits. Instead, Hartford terminated Mr. Nelson's benefits and refused to adequately review his appeal. Hartford's conduct in this regard was a violation of Tex. Ins. Code §542.003 *et. seq.*

22. In its handling of Mr. Nelson's claim, Hartford has delayed full payment of his LTD claim longer than is allowed, as Plaintiff has not received full payment of his claim. Hartford's conduct in this regard was a violation of Tex. Ins. Code §542.058.

23. Hartford's motivation to deny this claim, on information and belief, was directly driven by its desire to increase its profits. Its claims handling conduct - including ignoring directly relevant and reliable medical and other evidence of Mr. Nelson's health condition and disability, and reliance on biased medical record reviewers who had no contact with Mr. Nelson - was prompted by corporate management directives to the claims department and claims personnel to increase revenue and profit by delaying payment and denying or terminating claims. Although those directives may not have been so explicitly stated, the net effect of those directives and the manner in which they were implemented were designed to achieve this result. The negative impact of these policies was not limited to Mr. Nelson, but applied across the board

to Hartford disability claimants.

24. Plaintiff's experience with Hartford is not an isolated case. Upon information and belief, the acts and omissions committed by Hartford in this LTD claim are part of a general business pattern and practice of LTD claims. Hartford's entire claims handling and review process is designed to boost Hartford's profits at the expense of LTD claimants such as Plaintiff.

**Breach of Common Law Duty of Good Faith and Fair Dealing**

25. In denying Mr. Nelson's claim for benefits, Hartford contended that he was physically and mentally capable of working in a sedentary occupation. Mr. Nelson submitted an appeal and additional evidence showing his ongoing entitlement to LTD benefits, but Hartford wrongly denied the appeal. In doing so, it completely ignored the evidence he presented regarding the restrictions and limitations posed by his condition. It also ignored the evidence in Mr. Nelson's claim file which documented chronic pain, the disabling side effects of the medications he took to manage his pain, and its own misplaced reliance on the DOT.

**Violations of Texas Deceptive Trade Practices Act**

26. Hartford has also violated the Texas Deceptive Trade Practices - Consumer Protection Act, §§17.46, et. seq. by its misrepresentations and by engaging in, *inter alia*, unconscionable conduct and course of action. One glaring example was Hartford's refusal to consider the evidence in Mr. Nelson's claim file which documented chronic pain, the disabling side effects of the medications he took to manage his pain, including memory problems, and its own misplaced reliance on the

7

DOT.

27. Hartford misrepresented the nature of the LTD insurance policy and falsely asserted the basis for its denial. These false assertions and misrepresentations were made by Hartford employees, agents, and adjusters, among others, on behalf of Hartford.

28. Each of the above acts was done knowingly, as the term is defined in Ch. 17 of the Texas Business and Commerce Code, and was a producing cause of Mr. Nelson's damages.

## Damages

29. The acts, omission, and practices of Hartford constituting a tort were the proximate cause of the damages sustained by Mr. Nelson. All of Hartford's acts and practices in violation of the various statutes herein recited were the producing cause of the actual damages suffered by Mr. Nelson, including, but not limited to, damages for mental anguish and emotional distress, as well as actual damages under the insurance contract. For all of these wrongful acts, omissions, and practices, Mr. Nelson is entitled to money damages as may be found by the jury.

30. The acts, omissions, and practices of Hartford constituting a tort herein warrant the imposition of 18% per annum pursuant to Tex. Ins. Code §542.060, *et seq.*

31. The actions of Hartford in the handling of Plaintiff's claim were done knowingly and intentionally or with a conscious or callous disregard for the rights and welfare of Plaintiff. As such, its actions reflected gross negligence and were so outrageous as to warrant the imposition of punitive or exemplary damages, for which Plaintiff further sues for recovery. Plaintiff seeks such punitive or exemplary damages as may

be assessed by the jury in its discretion.

32. Any statutory or other defense asserted to such an award, and any limitation Hartford seeks to impose on any such award, violates Article 1, Section 13 of the Bills of Rights of the Texas Constitution and is void. Any such limitation is also unconstitutional under the Due Process and Equal Protection Clauses of the United States Constitution.

### Attorneys' Fees

33. This suit was made necessary by the wrongful acts and practices of Hartford. Plaintiff has been forced to retain an attorney to prosecute his claims, for which he has agreed to pay a reasonable attorney's fee. In this regard, Plaintiff is entitled to recover his reasonable attorney's fees and expenses incurred and to be incurred herein for the full prosecution of this claim through trial and appeal, if any, that are reasonable and necessary for Plaintiff to obtain the relief he seeks herein. Accordingly, Plaintiff further seeks recovery of his reasonable attorney's fees pursuant to Ch. 541 and 542 of the Texas Insurance Code, Section 17.49 *et seq.* of the Business and Commerce Code, Section 38.001, *et. seq.* of the Texas Civ. Prac. & Rem. Code, or either of them.

### General Claims

34. All notices required to be given have been given, and all conditions precedent have been satisfied.

35. Plaintiff requests prejudgment interest.

36. Plaintiff requests a jury trial.

### Request for Disclosure

9

37. Plaintiff requests that the Defendant disclose, within 50 days of service of this request, the information and material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure. Copies of documents and other tangible items responsive to this request must be served on Plaintiff with Defendant's Response. Tex. R. Civ. P. 194.4.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Larry Nelson, prays that he have a full trial on the merits of his claim, that he have and recover his actual and statutory damages, together with any and all of his attorney's fees, costs, expenses, and interest to which he may be justly entitled, and for general relief.

Respectfully submitted,

By: _____
Amar Raval
2017.05.26
13:58:41 -05'00'

James C. Plummer, TBA #16075700
jplummer@bergplummer.com
Amar Raval, TBA # 24046682
araval@bergplummer.com
**BERG PLUMMER JOHNSON & RAVAL**
4203 Montrose Boulevard, Suite 260
Houston, Texas 77006
(713) 526-0200
(832) 615-2665 (Fax)

ATTORNEYS FOR PLAINTIFF

# CIVIL CASE INFORMATION SHEET

2017DCV-2545-C

Filed
5/26/2017 3:29:55 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NUMBER (FOR CLERK USE ONLY): 17-283-243    COURT (FOR CLERK USE ONLY): _____

STYLED Larry Nelson v. Hartford Life and Accident Insurance Company
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: James C. Plummer  Email: jplummer@bergplummer.com | Plaintiff(s)/Petitioner(s): Larry Nelson | ☒ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| Address: 4203 Montrose Blvd, Suite 260   Telephone: 713-526-0200 | | Additional Parties in Child Support Case: Custodial Parent: |
| City/State/Zip: Houston, TX 77006   Fax: 832-615-2665 | Defendant(s)/Respondent(s): Hartford Life & Accident Insurance Company | Non-Custodial Parent: |
| Signature: /s/   State Bar No: 16075700 | | Presumed Father: |
| | [Attach additional page as necessary to list all parties] | |

2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | | Family Law | |
|---|---|---|---|---|---|
| | | | | | Post-judgment Actions (non-Title IV-D) |
| Contract | Injury or Damage | Real Property | Marriage Relationship | | |
| Debt/Contract | ☐Assault/Battery | ☐Eminent Domain/ Condemnation | ☐Annulment ☐Declare Marriage Void | ☐Enforcement ☐Modification—Custody | |
| ☐Consumer/DTPA ☒Debt/Contract ☐Fraud/Misrepresentation ☐Other Debt/Contract: | ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: | ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: | *Divorce* ☐With Children ☐No Children | ☐Modification—Other *Title IV-D* ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order | |
| *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: | ☐Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product: ☐Other Injury or Damage: | *Related to Criminal Matters* ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: | *Other Family Law* ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: | *Parent-Child Relationship* ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Parentage/Paternity ☐Termination of Parental Rights ☐Other Parent-Child: | |
| Employment | Other Civil | | | | |
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other | | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: |

3. Indicate procedure or remedy, if applicable (may select more than 1):

☐Appeal from Municipal or Justice Court   ☐Declaratory Judgment   ☒Prejudgment Remedy
☐Arbitration-related   ☐Garnishment   ☐Protective Order
☐Attachment   ☐Interpleader   ☐Receiver
☐Bill of Review   ☐License   ☐Sequestration
☐Certiorari   ☐Mandamus   ☐Temporary Restraining Order/Injunction
☐Class Action   ☐Post-judgment   ☐Turnover

4. Indicate damages sought (do not select if it is a family law case):
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100,000 but not more than $200,000
☒Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **LARRY NELSON,** § | |
| **Plaintiff,** § | |
| § | |
| v. § | Case No. |
| § | |
| **HARTFORD LIFE AND ACCIDENT** § | |
| **INSURANCE COMPANY,** § | |
| **Defendant.** § | |

## INDEX OF MATTERS BEING FILED

Defendant, Hartford Life and Accident Insurance Company, Notice of Removal with supporting Exhibits:

- Exhibit A –
    - State Court Docket Sheet
    - All Executed Process in the Case
    - Plaintiff's Original Petition
    - Index of Matters Being Filed
    - List of all Counsel of Record
- Exhibit B – Notice of Filing Notice of Removal

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By:\_\_s/ Eric P. Mathisen_____ \_
Eric P. Mathisen, IN Bar No. 19475-71
56 S. Washington St., Suite 302
Valparaiso, IN 46383
Phone: (219) 242-8666
Fax:    (219) 242-8669
eric.mathisen@ogletreedeakins.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2017 the foregoing *INDEX OF MATTERS BEING FILED* was filed electronically and service of same will be made on all counsel of record by placing a copy of same in the United States Mail with sufficient first-class postage pre-paid:

> James C. Plummer, Esq.
> Amar Raval, Esq.
> Berg Plummer Johnson & Raval
> 4203 Montrose Blvd,. Suite 260
> Houston, TX 77006

      _s/ Eric P. Mathisen_____
      Eric P. Mathisen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| LARRY NELSON,<br><br>      Plaintiff,<br>v.<br><br>HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY,<br><br>      Defendant. | §<br>§<br>§<br>§<br>§  Case No.<br>§<br>§<br>§<br>§ |

## **LIST OF ALL COUNSEL OF RECORD**

Attorney for Plaintiff
Larry Nelson                        James C. Plummer, Esq.
                                                Amar Raval, Esq.
                                                Berg Plummer Johnson & Raval
                                                4203 Montrose Blvd,. Suite 260
                                                Houston, TX 77006
                                                Ph.: (713) 526-0200
                                                Fax: (832) 615-2665

Attorneys for Defendant

                                                Eric P. Mathisen
                                                Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
                                                56 S. Washington St., Suite 302
                                                Valparaiso, IN 46383
                                                Ph.: (219) 242-8666
                                                Fx.: (219) 219-8669

                                                Respectfully submitted,

                                                OGLETREE, DEAKINS, NASH,
                                                SMOAK & STEWART, P.C.

                                                By:\_\_\_s/ Eric P. Mathisen_____ \_\_
                                                Eric P. Mathisen, IN Bar No. 19475-71
                                                56 S. Washington St., Suite 302
                                                Valparaiso, IN 46383
                                                Phone: (219) 242-8666
                                                Fax:   (219) 242-8669
                                                eric.mathisen@ogletreedeakins.com

                                                ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2017 the foregoing *LIST OF ALL COUNSEL OF RECORD* was filed electronically and service of same will be made on all counsel of record by placing a copy of same in the United States Mail with sufficient first-class postage pre-paid:

>James C. Plummer, Esq.
>Amar Raval, Esq.
>Berg Plummer Johnson & Raval
>4203 Montrose Blvd,. Suite 260
>Houston, TX 77006

>_s/ Eric P. Mathisen_____
>Eric P. Mathisen